RECEIVED
USDC CLERK, CHARLESTON, SC

2007 JUL 16  A 11: 21

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Anthony Sarratt, #0676, | ) ) ) | C. A. No. 2:06-3422-HFF-RSC |
| Plaintiff, | ) ) | |
| -versus- | ) ) | **REPORT AND RECOMMENDATION** |
| NFN Daughtery, Director of Greenville County Detention Center a/k/a Dorriety; Scotty Bodiford, Asst. Director of Greenville County Detention Center, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1], brought by Michael Anthony Sarratt, a state pre-trial detainee proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and

_____

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983.

1

recommendation on the parties' cross motions for summary judgement.  28 U.S.C. § 636(b).

On December 6, 2006, Sarratt filed a complaint against Mr. Dorriety, the Director of the Greenville County Detention Center and Scotty Bodiford, the Assistant Director of the Greenville County Detention Center.[2]  Plaintiff claims that Defendants are liable for the July 3, 2005, assault on him by dormmate Jay Bradley Jackson, which assault resulted in physical and mental injury.  Sarratt alleged that the defendants violated his right to be free of cruel and unusual punishment.  Plaintiff seeks one million dollars ($1,000,000.00) in damages.

The defendants answered the complaint and asserted various defenses including the affirmative defense of qualified immunity. The plaintiff filed a motion for summary judgment on March 16, 2007.  The defendants moved for summary judgment on April 12, 2007, on the basis of qualified immunity and other grounds.  On April 16, 2007, Sarratt was provided a copy of the motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal

---

[2] Plaintiff also named Jay Bradley Jackson as a defendant but he was dismissed from the action without prejudice on January 4, 2007, by the Honorable Henry F. Floyd, United States District Judge.  Jackson is an inmate at the South Carolina Department of Corrections who assaulted the plaintiff and, as a private individual, his conduct cannot be fairly attributable to the state and was not taken under color of state law.  See, American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999).

2

Rules of Civil Procedure similar to that required by <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).  On April 25, 2007, Plaintiff filed an opposition on April 25, 2007, and the defendants filed a reply on May 3, 2007.  Hence it appears consideration of the motions is appropriate.

<u>**SUMMARY JUDGMENT STANDARD**</u>

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986).  Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof.  <u>Id.</u>, 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim.  The party opposing summary judgment must then point to facts evidencing a genuine issue for trial.  Fed. R. Civ. P. 56(c); <u>see also</u>, <u>Anderson v. Liberty Lobby. Inc.</u>, 477 U.S. 242, 252 (1986).

3

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts. Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## FACTS

The facts either undisputed or according to the plaintiff as the non-moving party and all reasonable inferences therefrom are as follow.

The plaintiff was assaulted and injured by a fellow inmate, Jay Bradley Jackson, on July 3, 2005, while both were housed as pretrial detainees at the Greenville County Detention Center in the W-Dorm. Both were awaiting disposition of charges of serious violent crimes. Both had been classified for security purposes as "high medium." There was no prior history of any assaultive

4

behavior or threats of assaultive behavior between Sarratt and Jackson, and Sarratt and Jackson had actually been housed together for about four (4) weeks before the assault without incident. Sarratt never asked jail officials for any protection from Jackson. Following the assault, Jackson and Sarratt were not housed together.

The day of the assault, Jackson heard from a relative that Sarratt had given information harmful to Jackson to a state investigator. Jail officials were not aware of the information or that Jackson had been told about Sarratt's communication with the investigator.

Sarratt believes that jail officials should have classified Jackson differently and not housed him in the same dorm as Sarratt because on May 22, 2005, Jackson and fellow inmate, Robert Rambo, argued and Rambo hit Jackson. A fight ensued between the two and Rambo suffered serious injuries.

### PROTECTION FROM ASSAULT BY ANOTHER DETAINEE

Deliberate or callous indifference on the part of jail officials to a specific known risk of harm states a constitutional claim.[3] Pressly v. Hutto, 816 F.2d 977 (4th Cir.

---

[3] Pretrial detainees are protected under the due process clause of the fourteenth amendment rather than the eighth amendment's prohibition against cruel and unusual punishment. See, Belcher v. Oliver, 898 F.2d 32, 34 (4th Cir. 1990). Nevertheless, the Fourth Circuit Court of Appeals applies similar tests in both circumstances. Id.

1987).  To succeed on a claim for failure to protect, a plaintiff must show that the defendants had knowledge of a substantial or pervasive risk of serious harm and acted obdurately, wantonly, or with deliberate indifference or disregard of a known excessive risk of harm to the plaintiff.  Farmer v. Brennan, 511 U.S. 825 (1994); Wilson v. Seiter, 501 U.S. 294 (1991); Moore v. Winebrenner, 927 F.2d 1312 (4th Cir. 1991).  A prison official cannot be found liable unless it is shown that the official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and that he also drew the inference.  Farmer at 835.  Therefore, a negligent failure to protect detainees from violence does not violate the constitution.  Davidson v. Cannon, 474 U.S. 344, 347 (1986).

### RESPONDEAT SUPERIOR

A review of the record reveals that the plaintiff seeks to impose vicarious liability on Dorriety and Bodiford.  Sarratt's complaint and affidavits consistently assert that some unnamed correctional officer made "a bad decision" to house his attacker in the same dorm in which the plaintiff was housed, and that Dorriety and Bodiford are responsible for their employee's "bad decision".  For instance, the complaint indicates that, "It is not only I/M Jay Bradley Jackson's fault that I was assaulted, but the responsibility and fault of the Greenville County Detention Center personell." (sic). (Complaint at pg. 3).

6

Likewise, in his prayer, Plaintiff wrote, "I seek assistance due to a claim to cover all pain and suffering that I went through during the assault on me that is the fault of the G.C.D.C." Id. at pg. 5.  At best, the plaintiff claims that the defendants, the Director and Assistant Director of the Greenville County Detention Center, are liable as a result of their positions, not as a result of any specific action which they took personally. The defendants argue that the action should be dismissed as supervisory liability does not attach in this case.  They are correct.

The doctrine of respondeat superior generally is inapplicable to § 1983 suits.  Monell v. Department of Social Services, 436 U.S. 658, 694 (1978); Vinnedge v. Gibbs, 550 F.2d 926, 928-29 (4th Cir. 1977).  The plaintiff must establish three elements to hold a supervisor liable for a constitutional injury inflicted by a subordinate:  (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a unreasonable risk of constitutional injury to the plaintiff; (2) the supervisor's response was so inadequate as to constitute deliberate indifference or tacit authorization of the subordinate's conduct; and (3) there is an "affirmative causal link" between the supervisor's inaction and the plaintiff's constitutional injury.  Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.), cert. denied, 513 U.S. 813 (1994).

7

Here, the plaintiff has wholly failed to allege facts supporting such a claim against Dorriety or Bodiford.  He has not alleged that the defendants had actual or constructive knowledge of any risk of constitutional injury, that they demonstrated deliberate indifference to that risk, or that their actions were causally related to any injury suffered by him.  These defendants simply cannot be held liable for the acts of others without specific wrongdoing by them personally.  Therefore, Sarratt's claims based upon supervisory liability should be dismissed.

### QUALIFIED IMMUNITY

The defendants further argue that they are entitled to qualified immunity from suit.  The doctrine of qualified immunity protects government officials who are carrying out discretionary functions from personal monetary liability in cases where their actions do not violate clearly established statutory or constitutional rights of which a reasonable person would have known.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).  In <u>Cleavinger v. Saxner</u>, 474 U.S. 193 (1985), the United States Supreme Court upheld the extension of qualified immunity to prison officials.  In discussing the issue of qualified immunity, the Court of Appeals for the Fourth Circuit stated that:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly

8

> violated was 'clearly established,' the proper
> focus is not upon the right at its most general or
> abstract level, but at the level of its
> application to the specific conduct being
> challenged." Moreover, "the manner in which this
> [clearly established] right applies to the actions
> of the official must also be apparent." As such,
> if there is a "legitimate question" as to whether
> an official's conduct constitutes a constitutional
> violation, the official is entitled to qualified
> immunity.

Wiley v. Doory, 14 F.3d 993 (4th Cir. 1994) (internal citations
omitted), cert. denied, 118 S.Ct. 89 (1995).

In addressing the defense of qualified immunity, the United
States Supreme Court has held that "a court must first determine
whether the plaintiff has alleged the deprivation of an actual
constitutional right at all, and if so, proceed to determine
whether that right was clearly established at the time of the
alleged violation." Wilson v. Lane, 526 U.S. 286, 290 (1999).
If the court initially determines that no right has been
violated, the inquiry ends there, "because government officials
cannot have known of a right that does not exist." Porterfield
v. Lott, 156 F.3d 563, 567 (4th Cir. 1998).

Here, the plaintiff has not alleged the deprivation of an
actual constitutional right at all because vicarious liability is
inapplicable in civil rights cases, as discussed. Since no right
has been violated, the inquiry ends "because government officials
cannot have known of a right that does not exist." Porterfield
v. Lott, 156 F.3d 563, 567 (4th Cir. 1998). The defendants are

9

entitled to summary judgment on the basis of qualified immunity from suit[4] in their individual capacities as well.

## OFFICIAL CAPACITY SUITS

Additionally, it appears that the plaintiff has sued Dorriety and Bodiford in their official capacities.  The defendants in their official capacities, are not "persons" amenable to suit under 42 U.S.C. § 1983.  In their official capacities, they were acting as state officials and were, accordingly, the alter ego of the State of South Carolina.  As the alter ego of the State of South Carolina, these defendants in their official capacities are not "persons" subject to suit pursuant to 42 U.S.C. § 1983.  <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 71 (1989).  Accordingly, the plaintiff's claims against the defendants in their official capacities should also be dismissed.

## STATE LAW CLAIMS

The plaintiff also asserted that the defendants violated his rights secured by the state constitution.  The court should decline to exercise supplemental jurisdiction over any state law claims as it is recommended that summary judgment be granted on the plaintiff's federal claims.  <u>See</u>, 28 U.S.C. § 1367(c).

---

[4] Plaintiff has filed a plethora of motions to compel discovery and since it appears that the defendants are entitled to qualified immunity, not just from liability but from the action itself, Plaintiff's motions should be denied.

10

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the defendants' motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and that all other outstanding motions be deemed moot.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina

July 16, 2007

11

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond v. Colonial Life & Acc. Ins. Co.</u>, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985).